## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN STEWART**, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**ENVISION HEALTHCARE CORPORATION**<br>1A Burton Hills Boulevard<br>Nashville, TN 37215<br><br>and<br><br>**REIMBURSEMENT TECHNOLOGIES, INC**<br>1000 River Road<br>Conshohocken, PA 19428<br><br>and<br><br>**EMS MANAGEMENT LLC**<br>6200 S. Syracuse Way, Suite 200<br>Greenwood Village, CO 80111<br><br>and<br><br>**CHARLES SCHWAB BANK**<br>211 Main Street, 14th Floor<br>San Francisco, CA 94105<br><br>and<br><br>**EMPLOYEE BENEFIT PLAN FOR EMPLOYEES OF ENVISION HEALTHCARE**<br>C/O Envision Healthcare Corporation<br><br>Defendants. | Case No.<br><br><br><br>CLASS ACTION<br><br>JURY TRIAL DEMAND |

## <u>CLASS ACTION COMPLAINT<br>AND JURY DEMAND</u>

Plaintiff John Stewart, on behalf of himself and all others similarly situated, by his

1

undersigned attorneys, brings this class action lawsuit against Defendants Envision Healthcare Corporation, Reimbursement Technologies, Inc., EMS Management LLC, Charles Schwab Bank, and the Employee Benefit Plan for Employees of Envision Healthcare (together, "Defendants").

## I.    INTRODUCTION

1.    This class action seeks reimbursement of missing or stolen 401k contributions, contribution matches, and all applicable earnings and interest thereon of Plaintiff, John Stewart ("Mr. Stewart" or "Plaintiff"), and all other similarly situated employees of Envision Healthcare Corporation ("Envision") and its subsidiaries, including but not limited to EMS Management LLC ("EMS") and Reimbursement Technologies, Inc. ("RTI") which were withdrawn from the paychecks of Plaintiff and other employees of the Defendants on or about November 9, 2018 (the "Contributions") which were never deposited into the Employee Benefit Plan for Employees of Envision Healthcare (the "Plan") with Charles Schwab Bank ("Schwab") despite representations to the contrary.

2.    Upon information and belief, the Contributions are missing from the paychecks and 401k accounts of all of Envision's employees.

## II.    PARTIES

3.    Plaintiff, John Stewart is an adult individual residing at 1115 Rt. 113, Perkasie, PA 18944.

4.    Defendant Envision Healthcare Corporation ("Envision") is, upon information and belief, a Tennessee for-profit business entity with its headquarters at 1A Burton Hills Boulevard, Nashville, TN 37215.

5.      Defendant Reimbursement Technologies, Inc. ("RTI") is, upon information and belief, a Pennsylvania for-profit business entity with offices located at 1000 River Rd., Conshohocken, PA 19428.  According to RTI's website, www.reimbtech.com it is "An Envision Healthcare Company."

6.      Defendant EMS Management LLC ("EMS") is, upon information and belief, a Colorado for-profit business entity and the Sponsor and Administrator of the Plan.  Upon information and belief, EMS may be served at 6200 S. Syracuse Way, Suite 200, Greenwood Village, CO 80111.

7.      According to the Plan documents, EMS is the Plan Sponsor and the Plan Administrator.  (*See* Plaintiff's 401k Plan documents attached hereto as **Exhibit "A."**)

8.      Upon information and belief, both RTI and EMS are wholly-owned subsidiaries of Envision, under its direct control and/or management, and for ease of reference RTI, EMS, and Envision will be collectively referred to henceforth as "Envision."

9.      Defendant Charles Schwab Bank ("Schwab") was at all times material hereto the trustee for the Plan.  Upon information and belief, Schwab may be served at 211 Main Street, 14th Floor, San Francisco, CA 94105.

### III.      JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this matter because Employee Retirement Income Security Act ("ERISA") violations present federal questions within the meaning of Article III, § 2.

11.      This Court has personal jurisdiction over Defendants because Defendants continually and systematically transact business within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania, because the Plan is for the benefit of employees located and

domiciled in Pennsylvania, and because Defendant RTI maintains its a place of business in this state.

12.      Venue is proper in the Eastern District of Pennsylvania because a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant RTI has its offices with hundreds of employees in this District, Defendants RTI, EMS, Envision and Schwab are authorized to conduct business in this District, have intentionally availed themselves of the laws and markets within this District, do substantial business in this District, and are subject to personal jurisdiction in this District.

## IV.    FACTS

13.      At all times material hereto, Mr. Stewart was an employee of Envision and made regular contributions to the Plan from his compensation as reflected on each of his paychecks.

14.      The Plan is administered by EMS for the benefit of Envision's employees.

15.      On or about November 9, 2018, $453.22 was indicated on Mr. Stewart's paycheck as withheld from his compensation, to be deposited in the Plan (the "Contribution"). (*See* Mr. Stewart's November 9, 2018 paycheck evidencing the 401k withdrawal attached hereto as **Exhibit "B."**)

16.      According to the Plan, an additional twenty five percent (25%) or $113.30 should have been contributed by Envision as a company "match" to the Contribution ("Company Match").

17.      However, neither the Contribution, nor the Company Match, was deposited into Mr. Stewart's 401k account. (*See* Mr. Stewart's Plan transaction history attached hereto as **Exhibit "C."**)

4

18.    Between November of 2018 and March of 2019, Plaintiff made efforts to determine what happened to the Contribution, but, aside from stating that they are performing an investigation, Defendants have not been forthcoming, nor have they replenished the missing or stolen Contribution or the Company Match.

19.    Between November of 2018 and March of 2019, Plaintiff investigated the missing Contribution and Company Match with his co-workers, all of whom reported that Envision withheld their 401k contributions from their November 9, 2018 compensation, as reflected on each of their paychecks, and that they too were missing their contribution and company match in their 401k plans.

20.    As of April 1, 2019, neither the Contribution nor the Company Match has posted to Mr. Stewart's account.

21.    As of April 1, 2019, Envision has not taken any action to reimburse Mr. Stewart for missing interest and/or earnings on the Contribution and the Company Match.

22.    Upon information and belief, Defendants have failed to assure that the appropriate Contributions and Company Matches have been made for all of the employees of Envision that which are the subject of this class as set forth below.

23.    Plaintiff further allege that this unlawful conduct is ongoing and Plaintiff seeks a full accounting of the total losses incurred by each Plaintiff.

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (b)(3) on behalf of themselves and on behalf of all other similarly situated individuals and seeks to represent the following class (and subclasses):

> **All Employees of Envision**:  All persons who are employed by
> Envision and/or one of its subsidiaries who participate in the Plan

set forth in Exhibit A, including but not limited to all employees of
the companies listed on page 4 of Exhibit A as set forth below:

*Abbott Ambulance, Inc.*
*Access2Care, LLC.*
*Affilion Inc.*
*Air Ambulance Specialist Incorporated*
*American Investment Enterprises, Inc.*
*American Medical Response Ambulance Service, Inc.*
*American Medical Response Mid-Atlantic, Inc.*
*American Medical Response Northwest, Inc.*
*American Medical Response of Colorado, Inc.,*
*American Medical Response of Connecticut, Incorporated*
*American Medical Response of Massachusetts, Inc.*
*American Medical Response of North Carolina*
*American Medical Response of Southern California*
*American Medical Response of Tennessee, Inc.*
*American Medical Response of Texas, Inc.*
*American Medical Response West*
*American Medical Response, Inc.*
*Atlantic/Key West Ambulance, Inc.*
*Atlantic/Palm Beach Ambulance, Inc.*
*BestPractices, Inc.*
*Blythe Ambulance Service, Inc.*
*Broward Ambulance, Inc.*
*EmCare, Inc.*
*EMS Offshore Medical Services, LLC*
*Five Counties Ambulance Service, Inc.*
*Hank's Acquisition Corp.*

*Herren Enterprises, Inc. Doctor's Ambulance*
*International Life Support, Inc.*
*Lifefleet Southeast, Inc.*
*Medevac Medical Response, Inc.*
*Medevac Mid-America, Inc.*
*Medi-Car Systems, Inc.*
*Medics Ambulance Service, Inc.*
*MedicWest Ambulance, Inc.*
*Mercy Ambulance of Evansville*

*Mercy, Inc.*
*Metro Ambulance Service (Rural), Inc.*
*Metro Ambulance Services, Inc.*
*Mission Care of Illinois, LLC*
*Mobile Medic Ambulance Service, Inc.*
*MSO Newco, LLC*
*Paramed, Inc.*
*Park Ambulance Service, Inc.*
*Physician's & Surgeon's Ambulance Service, Inc.*
*Randle Eastern Ambulance Service, Inc.*
*Reimbursement Technologies, Inc.*
*River Medical, Inc.*
*Sunrise Handicap Transport Corp.*
*Tek, Inc.*
*Troup County Emergency Medical Services, Inc.*
*VIP Professional Services, Inc.*

**The RTI Sub Class**: All persons who are employed by RTI who
participate in the Plan set forth in Exhibit A.

25.     Excluded from the Class are Defendants, their assigns, successors, legal
representatives, and any entities in which Defendants have a controlling interest.

26.     Plaintiffs reserve the right to revise these class definitions and to add additional
subclasses as appropriate based on facts learned as the class discovery progresses.

27.     **Numerosity**: The Class is sufficiently numerous and dispersed across the
United States so that joinder of all members is impracticable.  While the exact numbers and
identities of Class Members are unknown at this time, being in the sole possession of
Defendants and being attainable by Plaintiff only through discovery, Plaintiff believes the
proposed classes consist of thousands, if not more, of individuals.

28.    **Commonality**: Common questions of law and fact exist for each cause of action and predominate over questions involving individual Members of the Class. These common issues include, but are not limited to, whether:

    a.  Defendants improperly withheld employee 401k contributions and failed to deposit those contributions into each employee's 401k plan;

    b.  Defendants improperly failed to match employees' 401k contributions in accordance with the terms of their agreements;

    c.  Defendants improperly failed to reimburse employees with the interest and/or earnings earned on 401k contributions and company matches between November 9, 2018 and the present date;

    d.  Defendants violated ERISA.

    e.  Plaintiff and the Class have been and continue to be damaged by Defendants' alleged misconduct and, if so, the proper measure of their damages; and

    f.  Defendants engaged in knowing and intentional conduct that warrants punitive damages.

29.    **Typicality**: Plaintiff's claims are typical of the claims of all Members of the proposed Class because, among other things, Plaintiff and all Class Members were damaged by the same wrongful conduct of Defendants as alleged herein. The relief sought is common to the proposed Class.

30.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the proposed Class, and Plaintiff's interests do not conflict with the interests of other members of the proposed Class who he seeks to represent. Plaintiff has retained counsel competent and experienced in class actions, ERISA law, and other complex litigation.

31.    **Predominance and Superiority**: The above questions of law are common to the Members of the Class and predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual litigation by of all members of the Class is impracticable because the cost of litigation would be prohibitively expensive for each Class Member and would impose an immense burden upon the courts. Plaintiff and the Class are not likely to be able to vindicate and enforce their rights unless this action is maintained as a class action.

32.    **Prevention of Inconsistent Results**: Individualized litigation by Class Members would also present the potential for inconsistent or contradictory judgments and rulings. By contrast, proceeding as a class action would present fewer management difficulties, conserve the resources of the parties and of the court system, and is the only means to protect the rights of all Class Members.

33.    Defendants have acted and will act on grounds generally applicable to the Class as a whole, and Plaintiff seeks, inter alia, remedies and relief with respect to the Class as a whole.

34.    Plaintiff's counsel, who are highly experienced in class actions, do not anticipate any particular difficulty in managing this case as a class action.

**COUNT I**
**ERISA VIOLATION – 29 U.S.C. § 1132(1)(B)**
**(On behalf of the All Employees of Envision, or Alternatively, the RTI Subclass)**

35.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

36.    This Count is brought on behalf of All Employees of Envision or, alternatively, the RTI Subclass.

37.     Plaintiff and the Class' entitlement to benefits under the Plan is subject to enforcement under ERISA, 29 U.S.C. § 1132(1)(B).

38.     As set forth more fully above, Defendants have withheld monies from the Plaintiff and the Class and failed to deposit those funds into each employee's 401k plan as required by the Plan and ERISA.

39.     Pursuant to ERISA, Defendants are obligated to deposit 401k funds in a timely manner or as soon as reasonably possible.

40.     Defendants were made aware that the funds were not deposited verbally in November of 2018 and in writing in December of 2018.

41.     Defendants have represented that they are investigating the issue and that it would be corrected, however as of April 1, 2019, the issue has not been corrected.

42.     As a result of the foregoing, Plaintiff and the Class has been harmed as set forth more fully herein.

43.     As a result of the foregoing, Defendants should be Ordered to deposit each employee's contribution, company match, interest and other earnings into each employee's 401k plan.

**COUNT II**
**REQUEST FOR ACCOUNTING**
**(On behalf of the All Employees of Envision, or Alternatively, the RTI Subclass)**

44.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

45.     Plaintiff and the Class have legitimate concerns, based on missing 401k contributions, that Defendants have misplaced and/or misappropriated funds belonging to the Plaintiff and the Class.

46.    Accordingly, Plaintiff and the Class requests that Defendants provide an accounting of their 401k withdrawals and contributions from October 1, 2018 to the present date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the other Class Members, respectfully request that the Court:

A) Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an Order certifying one or more Classes as defined above;

B) Appoint Plaintiff as the representative of the Class and his counsel as Class Counsel;

C) Order the equitable accounting of withdrawals from Plaintiff and the Class' paychecks and Defendants' transfer and handling of the funds;

D) Award all actual, general, special, incidental, statutory, punitive and consequential damages and restitution to which Plaintiff and the Class Members are entitled;

E) Award pre- and post-judgment interest on such monetary relief;

F) Award all available remedies pursuant to ERISA;

G) Award reasonable attorneys' fees and costs pursuant to ERISA; and

H) Grant such further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**BOCHETTO & LENTZ, P.C.**

By: _____

DATED:  April 4, 2019

George A. Bochetto, Esquire
Anton Kaminsky, Esquire
1524 Locust Street
Philadelphia, PA 19102
Telephone: (215) 735-3900

*Attorneys for Plaintiff and Putative Class*